IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JEFF S. AKHTAR | § | |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| SHOWKAT ALI, IMTAIZ ALI | § | C.A. No. 1:23-cv-00233-MJT |
| AND MOHAMMAD ALI | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE COURT:

COMES NOW, **JEFF S. AKHTAR,** Plaintiff in the above in the above entitled and numbered cause, filing this, his First Amended Petition complaining of Defendant Showkat Ali, Imtaiz Ali, and Mohmmad Ali and for causes of action and grounds for relief would respectfully show the following:

### I.   PRELIMINARY STATEMENT

Plaintiff and Defendants are family. The parties agreed to Plaintiff investing money to Defendants Showkat Ali and Imtaiz Ali to purchase and operate an existing bar. Plaintiff was told that the Defendants could not get the establishment to work and that it was closed down. This agreement was made in 1986. On December 25, 2022, Plaintiff learned that

Defendants did fraudulently take his money and invest it on other properties in the United States and in Pakistan and partnered with other entities without his knowledge. Defendants did lie about operating the bar establishment.

## II. JURISDICTION

1. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. §1332. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367 (supplemental jurisdiction) as those claims from part of the same case or controversy under Article III of the United States Constitution.

2. The Court also has jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.

## III.   PARTIES

1. Plaintiff Jeff Akhtar is an individual who resides in Jefferson County, Texas and has within the past six months prior to the filing of this petition.

2. Defendant Showkat Ali is an individual who resides at 8710 Cypresswood Drive, Spring, Texas 77379.   Citation is requested at this time.

3. Defendant Mohammad Ali is a resident of the State of Oklahoma and resides at 10609 Lakeside Drive, Oklahoma City, Oklahoma 73120.  Citation is requested at this time.

4. Defendant Imtaiz Ali is a resident of the State of Oklahoma and resides at 9502 Cypresswood Drive, Spring, Texas 77379.  Citation is requested at this time.

## IV.  NOTICE OF CLAIM AND CONDITIONS PRECEDENT

5.  All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or are excused.

## V.  FACTS

6.  In 1986, Plaintiff Jeff Akhtar and Defendants Showkat Ali and Imtaiz Ali agreed that Plaintiff Jeff Akhtar would invest all of the funds to purchase and operate a business, a bar establishment, from the owner.  The business was approximately valued at $100,000.00, with a monthly profit that was to be shared equally expenses were paid.  The business had been existing and profiting for more than the five years prior to the purchase.  The business continued to profit for approximately eleven years.

7.  Defendant Mohammad Ali was a guarantor for Defendant Showkat Ali agreement and guaranteed that the payments were to be made as agreed from Defendants Showkat Ali and Imtaiz Ali.

8.  Plaintiff was told that the bar establishment was not making any money and that it was closed down.

9.  Plaintiff learned on December 25, 2022, that all Defendants had lied to him, taking the money provided to purchase the business along with all of the profits from the business to purchase other businesses, land and other investments that currently total over $2,000,000.00.    Plaintiff learned on December 25, 2022 that there was never an intent to permanently operate the bar establishment, but rather let it temporarily operate so as to use

the funds to purchase other businesses and real estate for the benefit of Defendants and detriment the Plaintiff.

10.  Plaintiff learned on December 25, 2022 that Defendants plotted and agreed to take Plaintiff's money to purchase the business along with all of the Plaintiff's net income from the bar establishment to invest in other business and real estate for their own profit and to never inform Plaintiff.

## VI.  CAUSES OF ACTION

### COUNT 1: FRAUD AND MISREPRESENTATION

11.  Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

12. Defendants Showkat Ali, Imtaiz Ali, and Mohmmad Ali did individually and jointly:

(1) make a material representation,

(2) the representation was false,

(3) when the Defendants made the representation, they knew it was false or made it recklessly without knowledge of the truth as a positive assertion,

(4) the Defendants made it with the intention that it should be acted upon by Plaintiff Jeff Akhtar,

(5) the party acted in reliance upon it, and

(6) the party thereby suffered injury.

<u>Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd</u>., 237 S.W.3d 379, 385 (Tex. App.-Houston [14th Dist.] 2007, no pet.).    <u>Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co</u>., 51 S.W.3d 573, 577 (Tex. 2001); <u>Hartford Fire Ins. Co. v. C. Springs 300, Ltd</u>., 287 S.W. 3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

13.  The Defendant did intentionally and knowingly falsely represent that the funds provided by Plaintiff were being used to purchase the business, a bar establishment, and that upon purchasing the business, all net sales proceeds would be divided equally between Plaintiff and Defendants Defendant Showkat Ali and Imtaiz Ali, with Mohmmad Ali guaranteeing the payments would be made.  Plaintiff did learn that they lied to him and told him that there were no funds coming from the business for an approximate seven (7) year period.  Then they fraudulently took his funds and invested the money without giving him his interest in the investments.

13.  Defendants individually and jointly did intentionally and knowingly make misrepresentations and omissions of material facts to Plaintiff in order to obtain funds from Plaintiff and profit off of his funds to his detriment and their benefit.

14.  Plaintiff had no knowledge of the falsity of Defendants' representations that there were no proceeds from the bar establishment business and omissions of material facts as to the use of Plaintiff funds and interest in the business. Plaintiffs reasonably and justifiably relied upon the representations or omissions of Defendants in deciding to loan Defendant's the money purchase the business and become a joint owner of the business.

15. Plaintiff has been injured as a direct and proximate result of the foregoing fraud in an amount in excess of the minimum jurisdictional limits of this Court, in a minimum amount of $2,000,000, plus all interest paid thereon. Additionally, these acts were committed willfully and wantonly, and accordingly, Plaintiffs are entitled to recover punitive damages in an amount to be determined by a trier of fact. Plaintiff seeks recovery of those damages from Defendants jointly and individually.

### COUNT 2. UNJUST ENRICHMENT

16. Plaintiff incorporates by reference all paragraphs above as if set forth fully herein.

17. Defendants, individually and jointly, were unjustly enriched as Plaintiff gave them the funds for the purpose they requested it for which was fraudulent as the funds were really used to benefit the Defendants.

18. Plaintiff has suffered damages in the amount of $3.000,000 due to the unjust enrichment.

### V.   ATTORNEY'S FEES

33. Plaintiff is entitled to recover reasonable and necessary attorney fees incurred herein and request his attorney's fees and costs expended herein.

### VI. PRAYER

**WHEREFORE**, premises considered, Plaintiff **JEFF AKHTAR** prays that Defendants be cited to appear and answer herein and that upon hearing and trial of this matter have

judgment against Defendants individually and jointly for all causes of action claimed herein including actual and consequential damages, attorney's fees, pre-judgment and post-judgment interest at the maximum lawful rate, costs of court, attorney's fees and any such other and further relief to which they may be entitled, either at law or in equity.

        Respectfully submitted,

        COLLEEN M. McCLURE
        ATTORNEY AT LAW

        By:     **Colleen M. McClure**
                Colleen M. McClure
                SBN: 24012121
                6046 FM 2920, #425
                Spring, Texas 77379
                Telephone: (281) 440-1625
                Facsimile: (281) 946-5627
                colleen.mcclure@att.net
        **ATTORNEY FOR PLAINTIFF**