IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JEFF J. AKHTAR § | |
| § | |
| *Plaintiff* § | |
| v. § | |
| § | |
| § | C.A. No. 1:23-cv-00233-MJT |
| MOHAMMAD ALI § | |
| § | |
| *Defendants* § | |

**PLAINTIFF'S SECOND AMENDED PETITION**

TO THE HONORABLE COURT:

COMES NOW, **JEFF J. AKHTAR,** Plaintiff in the above in the above entitled and numbered cause, filing this, his Second Amended Petition complaining of Defendant Mohmmad Ali and for causes of action and grounds for relief would respectfully show the following:

### I.    PRELIMINARY STATEMENT

Plaintiff and Defendant are family. The Defendant agreed to be a guarantor for a loan and business agreement between Plaintiff Jeff Akhtar and two cousins Showkat Ali and Imtaiz Ali. Defendant agreed to guarantee payment on the purchase and operation of an existing bar. This agreement/verbal contract was made around 1986 under the agreement of

the parties pursuant to their religious beliefs and procedures under the Koran. Plaintiff was told that the establishment was not making a profit and that it was closed down years later. This was not true, in fact the business was a success and made a substantial profit. On December 25, 2022, Plaintiff learned that Defendant did know that the other two parties did fraudulently take Plaintiff's profit and invest it on other properties in the United States and in Pakistan and partnered with other entities without his knowledge, using Plaintiffs funds for their own profit and gain. Defendant did lie and conceal about continued operations and substantial income of the bar establishment and did not abide his agreement as guarantor.

## II. JURISDICTION

1. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. §1332 as Defendant Mohmmad Ali is a resident of and domiciled in the State of Oklahoma and all other parties are residents of and domiciled in the State of Texas. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367 (supplemental jurisdiction) as those claims from part of the same case or controversy under Article III of the United States Constitution.

2. The Court also has jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.

## III. PARTIES

3. Plaintiff Jeff Akhtar is an individual who resides in Jefferson County, Texas and has within the past six months prior to the filing of this petition.

4.      Defendant Mohammad Ali is a citizen of the State of Oklahoma and resides at 10609 Lakeside Drive, Oklahoma City, Oklahoma 73120. Citation is requested at this time.

### IV.   NOTICE OF CLAIM AND CONDITIONS PRECEDENT

5.     All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or are excused.

### V.   FACTS

6.     In Muslim culture, it is customary and not abnormal to form verbal contracts. In the parties faith, and in the Koran, there are guidelines and rules for entering into agreement between parties of the same faith. The parties are all Pakistanis. There are multiple tribes in the culture based upon family lineage. The custom of the parties not only through their religious belief and Koran support, extend into additional customs of the tribes in entering into family agreements. The binding of said contracts are formed by a verbal exchange of offer and terms and then acceptance followed by a handshake. It is customary for this to take place within the tribe with at least one tribe member to bear witness. This contract is one of pride, honor, dignity and integrity and is to be upheld with the highest form of respect. Around 1986, Plaintiff Jeff Akhtar entered into an agreement with Showkat Ali and Imtaiz Ali along with Defendant Mohammed Ali who is the guarantor of the loan and witness of the agreement, agreed that Plaintiff Jeff Akhtar would invest $10,000 to purchase and operate a business, a bar establishment, from the owner/seller (unrelated to the parties). The value of the business was approximately $100,000.00 as represented by Defendant

Showkat Ali.   All profits were to be shared equally after all expenses were paid.   If the business failed the Plaintiff would lose his cash investment and the Defendants would lose their labor. The business had been existing and profiting for more than the five years prior to the purchase.   Showkat Ali was an employee of the bar business prior to purchase.   The business continued to profit substantially for approximately eleven years, unbeknownst to Plaintiff Jeff Akhtar.

7.   Defendant Mohammad Ali agreed to be and accepted responsibility as the guarantor for Showkat Ali and Imtiaz Ali's agreement.   Defendant Mohammad Ali entered into a partnership with the parties (cousins) guarantor that profits were to be split 50/50 and ensuring that Plaintiff would be paid his agreed upon interest.  (There is video admission of this partnership and the terms of the agreement.)  He agreed that if Showkat Ali and Imtiaz Ali did not abide by the agreement, then he would be responsible and pay what was to be paid under the terms of the agreement.

8.   Plaintiff was told that the bar establishment was not making any money while it was operating and that it was closed down years later because it was not profitable.  All of which was not the truth as the business was very successful and the proceeds were used to invest in other business and real estate, both within the United States and in other counties, making substantial profits.   These investments and substantial profits were never reported to Plaintiff Jeff Akhtar, nor was he ever given his agreed upon interest.

9. Plaintiff learned on December 25, 2022, that Showkat Ali and Imtiaz Ali had intentionally and knowingly deceived and stole from him. Additionally, Defendant Mohammed Ali knew that Showkat Ali and Imtiaz Ali gave fraudulent information and masked information regarding the lucrative investments of which he guaranteed to Plaintiff Jeff Akhtar that he would make all payments that Plaintiff was entitled to receive if Showkat Ali and Imtiaz Ali did not fulfill their loan obligations. Showkat Ali and Imtiaz Ali took the money provided to purchase the business along with all of the profits from the business to purchase other businesses, land and other investments that currently total over $2,000,000.00, all of which was known by Defendant Mohammed Ali. Plaintiff Jeff Akhtar's interest in these investments is 50% of the total gain.

10. Plaintiff Jeff Akhtar learned on December 25, 2022, that Defendant Mohammed Ali knew of Showkat Ali and Imtiaz Ali's fraud of taking Plaintiff Jeff Akhtar's money to purchase the business along with all of Plaintiff Jeff Akhtar's profits from the bar establishment for their own personal gain, without regard to the agreement that they entered into within the paraments of the Koran and tribe. Additionally, the Defendant Mohammed Ali did know of Showkat Ali and Imtiaz Ali's fraud, stealing Plaintiff's funds and process, and the subsequent use the Plaintiff Jeff Akhtar's profits to invest in other businesses and real estate. Defendant Mohammed Ali knew and fraudulently kept the information from Plaintiff and did not abide by his obligations as guarantor for Showkat Ali and Imtiaz Ali and deceiving the Plaintiff by not informing him or paying him his due proceeds.

## VI. CAUSES OF ACTION

### COUNT 1: FRAUD AND MISREPRESENTATION

11. Plaintiff realleges and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

12. Defendant Mohmmad Ali did:

(1) make a material representation,

(2) the representation was false,

(3) when the Defendant made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion,

(4) the Defendant made it with the intention that it should be acted upon by Plaintiff Jeff Akhtar,

(5) the party acted in reliance upon it, and

(6) the party thereby suffered injury.

*Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App.-Houston [14th Dist.] 2007, no pet.).   *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

13. The Defendant did intentionally and knowingly deceive, lie and fraudulently inform Plaintiff Jeff Akhtar and affirmed that there were no funds/income coming from the bar business. Plaintiff Jeff Akhtar learned that the Defendant Mohammed Ali did lie to him for years about his investment and fraudulently take the "fruits" of his investment and use them without his consent or knowledge and then did not pay as he guaranteed to pay.

14. Plaintiff had no knowledge of the falsity of Defendant's representations that there were no proceeds from the bar establishment business and omissions of material facts as to the use of Plaintiff funds and interest in the business and that there was nothing to guarantee.

15. Plaintiff has been injured as a direct and proximate result of the foregoing fraud and deception in an amount in excess of the minimum jurisdictional limits of this Court, in the minimum amount of $2,000,000, plus all interest paid thereon. Additionally, these acts were committed willfully and wantonly, and accordingly. Plaintiff Jeff Akhtar is entitled to recover punitive damages in an amount to be determined by a trier of fact. Plaintiff seeks recovery of those damages from Defendant Mohammed Ali.

### COUNT 2. **UNJUST ENRICHMENT**

16. Plaintiff incorporates by reference all paragraphs above as if set forth fully herein.

17. Defendant were unjustly enriched as the Plaintiff Jeff Akhtar invested his personal funds for the purpose originally agreed upon under and within the custom, beliefs and

direction in the Koran and through the customs of their tribe, and in turn Defendant knowingly, intentionally, and fraudulently knew that the profits would benefit Showkat Ali and Imtiaz Ali to the detriment of Plaintiff Jeff Akhtar who was entitled to his ½ share of the funds.

18. Plaintiff has suffered damages in the minimum amount of $2,000,000 plus interest due to the unjust enrichment.

## V. ATTORNEY'S FEES

19. Plaintiff is entitled to recover reasonable and necessary attorney fees incurred herein and request his attorney's fees and costs expended herein.

## VI. PRAYER

**WHEREFORE**, premises considered, Plaintiff **JEFF AKHTAR** prays that Defendant be cited to appear and answer herein and that upon hearing and trial of this matter have judgment against Defendant for all causes of action claimed herein including actual and consequential damages, attorney's fees, pre-judgment and post-judgment interest at the maximum lawful rate, costs of court, attorney's fees and any such other and further relief to which they may be entitled, either at law or in equity.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By:   /s/  **Colleen M. McClure**

                                              Colleen M. McClure
                                              SBN: 24012121
                                              6046 FM 2920, #425
                                              Spring, Texas 77379
                                              Telephone:   (281)   440-1625
                                              Facsimile:   (281)   946-5627
                                              colleen.mcclure@att.net
                                             **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I certify that July 21, 2023 a true and correct copy of the above motion was served to opposing counsel by efiling.

                                              */s/ Colleen M. McClure*
                                              Colleen M. McClure